IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

THOMAS W. PUGSLEY, DVM,      )
     )
     Plaintiff,      )      TC-MD 260547N
     )
     v.      )
     )
DEPARTMENT OF REVENUE,      )
State of Oregon,      )
     )
     )
     Defendant.      )      **DECISION**

Plaintiff appealed Defendant's Notice of Deficiency, dated March 20, 2026, for the 2023 tax year, adjusting Plaintiff's charitable contributions. (*See* Compl at 2.) A case management conference was held on June 10, 2026, during which Defendant explained that it disallowed the deduction for the contributions because the donation receipt lacked a contemporaneous written acknowledgement that no goods or services were received in consideration for the contribution. The parties submitted the case to the court on the pleadings and undisputed facts.

I. STATEMENT OF FACTS

During the 2023 tax year, Plaintiff donated $23,800 to Open Door Community Church (the church) and claimed that amount as a charitable contribution deduction on his 2023 tax return. (Compl at 3-4.) Defendant disallowed the deduction because the documentation that Plaintiff provided for the donation did not include "a contemporaneous written acknowledgement from the receiving organization stating that no goods or services were received in exchange for the contribution." (*Id.*) Plaintiff does not dispute that the QuickBooks receipts from the church lacked that statement. (*Id.* at 6.) Plaintiff explained that the church is very small and requested relief based on the disproportionate outcome resulting from a minor

omission.  (*Id.*)

## II.  ANALYSIS

The issue in this case is whether Plaintiff is entitled to a deduction for charitable contributions for the 2023 tax year despite failing to obtain a contemporaneous written acknowledgment from the church that no goods or services were provided in consideration for the contributions.  Internal Revenue Code (IRC) §170(f)(8)(A), (B)(ii).

A.      *Oregon Personal Income Tax and IRC Section 170(f)(8)*

The Oregon legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the [IRC] relating to the measurement of taxable income of individuals."  ORS 316.007(1).[1]  Subject to additions, subtractions, and modifications not relevant here, Oregon incorporates the federal definition of taxable income.  ORS 316.022(6). The Oregon Department of Revenue is required to apply federal administrative and judicial interpretations of federal income tax law insofar as is practical.  ORS 316.032(2).  IRC section 170 and related federal court opinions are controlling in this case.

IRC section 170(a)(1) allows taxpayers to deduct charitable contributions made to qualifying organizations.  However, section 170(f)(8) imposes substantiation requirements for contributions of $250 or more.  Specifically, section 170(f)(8)(A) states:

> "No deduction shall be allowed under subsection (a) for any contribution of $250
> or more unless the taxpayer substantiates the contribution by a contemporaneous
> written acknowledgment of the contribution by the donee organization that meets
> the requirements of subparagraph (B)."

As relevant here, the acknowledgment must state whether the donee organization provided any goods or services in consideration for the contribution.  IRC § 170(f)(8)(B)(ii); Treas Reg

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2021 version.

§ 1.170A-13(f)(2).  The acknowledgment "must explicitly state whether consideration was provided for the contributed property even if the donor did not actually receive any consideration."  *IQ Holdings, Inc. v. Comm'r,* TCM (RIA) 2024-104 (2024), 2024 WL 4707298 at *6 (US Tax Ct).  Here, Plaintiff did not provide a written acknowledgment meeting IRC section 170(f)(8) requirements.

A written acknowledgment must also be contemporaneous, which means it is obtained by the taxpayer on or before the earlier of: (1) the date the taxpayer files the original return for the taxable year in which the contribution was made, or (2) the due date (including extensions) for filing the original return for the year.  IRC § 170(f)(8)(C); Treas Reg § 1.170A-13(f)(3).  Any acknowledgement that Plaintiff may be able to supply at this time would not be contemporaneous under section 170(f)(8)(C) because the acknowledgement must be made either at the time he filed the return or on the date the return was due, both of which have passed.  Therefore, Plaintiff did not meet the substation requirements of IRC section 170(f)(8).

B.      *The Substantial Compliance Doctrine is Not Applicable*

Plaintiff claims the lack of acknowledgement from the church was a "hair-splitting detail to most reasonable people[,]" and that disallowing the deduction would be "punishment for a very minor omission."  (Compl at 6.)  Plaintiff appears to make a substantial compliance argument.  "The doctrine of substantial compliance is designed to avoid hardship in cases where a taxpayer does all that is reasonably possible, but nonetheless fails to comply with the specific requirements of a provision."  *Durden v. Comm'r*, 103 TCM (CCH) 1762 (2012), 2012 WL 1758655 at *2 (US Tax Ct).  Federal courts have consistently held that the doctrine of substantial compliance does not provide relief to taxpayers who fail to comply with the substantiation requirement under IRC section 170(f)(8).  *See id.* (rejecting taxpayers' argument that section

170(f)(8) is only a "safe harbor" and holding that the written acknowledgement is mandatory to substantiate a charitable contribution).[2] That is because the requirement is expressly stated in the code and serves the essential purpose of helping taxpayers and the government determine the deductible amounts of taxpayers' charitable contributions. *Id*. at *3.[3] The "total denial of a deduction comports with the effective administration of a self-assessment and self-reporting system." *Addis v. Comm'r*, 374 F3d 881, 887 (9th Cir 2004).

In a recent decision involving similar facts, this court held that plaintiffs' failure to provide a contemporaneous written acknowledgement from their church could not be corrected by providing a letter from the church after filing their tax return. *Rodgers v. Dept. of Rev.*, TC-MD 240650R, 2025 WL 1171785 at *2 (Or Tax M Div, Apr 22, 2025). Citing *Durden*, this court declined to apply the substantial compliance doctrine. *Id.* The written acknowledgement requirement under section 170(f)(8) is mandatory and serves an essential purpose of that section. The court may not waive or otherwise set it aside.

In upholding the disallowance of Plaintiff's charitable contribution deduction, the court is not disputing Plaintiff's good faith or honesty but rather giving effect to the requirements of IRC section 170(f)(8). Like other courts, this court must strictly apply the written acknowledgement requirement and may not create an exception for what appears to Plaintiff a minor omission.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff is not entitled to a

---

[2] The US Tax Court has similarly declined to apply the doctrine of substantial compliance to the section 170(f)(8) requirement in other cases. *See Averyt v. Comm'r,* 104 TCM (CCH) 65 (2012), 2012 WL 2891077 at *4 (US Tax Ct); *Izen v. Comm'r*, 148 TC 71, 76-77 (2017); *Braen v. Comm'r*, TCM (RIA) 2023-085 (2023), 2023 WL 4446759 at *13 (US Tax Ct).

[3] When part of a contribution is "in consideration for goods or services furnished to the payor by the donee organization, [the] charitable contribution deduction is limited to the amount exceeding the value of the consideration received." *Addis v. Comm'r*, 374 F3d 881, 885 (9th Cir 2004).

charitable contribution deduction for his 2023 tax year donations of $23,800 to Open Door Community Church. Plaintiff failed to obtain a contemporaneous written acknowledgment from the church that meets the requirements of IRC section 170(f)(8), and the law does not allow an exception for substantial compliance in this context. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for the 2023 tax year is denied.

_____

*To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court. Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This Decision was signed by Presiding Magistrate Allison R. Boomer and entered on July 10, 2026.*